## Ruhlman Estates

*Michael Halliday*, for petitioner.

*D. W. Patterson*, for respondent.

McKAY, J., June 11, 1956.—On May 18, 1956, the First National Bank of Mercer County, Greenville, guardian of the estates of Ernest Neal Ruhlman, Richard James Ruhlman and Lenora Starr Ruhlman, minors, presented a petition for leave to sell at private sale a house and lot owned by the minors in the Borough of Greenville.

Because of known opposition to the sale on the part of the mother of the minors, Mrs. Marian Amy, a rule

was granted to show cause why the prayer of the petion should not be granted. An answer was filed by the mother and on May 28, 1956, a hearing was held on the rule.

No question is raised as to the jurisdiction of the court, the regularity of the procedure followed or the sufficiency of the proposed selling price, $4,500. Respondent objects to the sale on the sole ground that the proposed sale is not to the advantage of the minors because, by a written agreement entered into by the father and mother of the minors following their divorce, on February 1, 1954, Warren N. Ruhlman, the father, undertook to pay off two mortgages on the property, which now amount to a total of approximately $3,500. Respondent contends that if the property is retained in the estate until the father pays the mortgage indebtedness, the equity of the minors in the property will be substantially increased and that property should not be sold until it can be sold clear of the mortgage.

On the other hand, the testimony adduced at the hearing established that the mortgages are now in arrears, no payments having been made on them since October 1955, and that unless the mortgages are paid soon, they will be foreclosed. The property was listed with a real estate broker for two years before the present purchaser was obtained.

The father admits his obligation under the agreement but says that he defaulted in his payments due to a strike at his place of employment which continued for five months, and that he is unable to resume payments on the mortgages. He is temporarily unemployed, having been injured on the day before the hearing and appeared in court on crutches. The property has been vacant since February.

There can be no question that Ruhlman is obligated under his agreement of February 1, 1954, to continue to make the payments due on the mortgage, as well as

to pay the taxes and maintain the property. Nothing we may decide in the present proceeding can affect his liability under the agreement.

We are confronted here, however, with a pending foreclosure of a mortgage which sale would extinguish the equity of these minors in the property of the value of approximately $1,000. By our approving the proposed sale, this amount can be saved for the children and the guardian can still proceed against Ruhlman for any amount he may owe the estates of the minors as beneficiaries of the agreement.

It is clear, therefore, that the petition to approve the proposed sale should be granted, which will be without prejudice to any rights the guardian may have to sue Ruhlman for damages sustained through his failure and refusal to comply with the agreement.

### Order

Now, June 11, 1956, it appearing that the sale set forth in the petition filed in the above entitled matter is to the interest and advantage of the minors of whose estates petitioner is guardian and it further appearing that $4,500 is a fair price for the premises and a better price than can be obtained at public sale, it is ordered that the First National Bank of Mercer County, Greenville, is authorized to sell at private sale the following described property:

"All that certain piece or parcel of land situate in the Borough of Greenville, Mercer County, Pennsylvania, bounded and described as follows:

"On the North by land of Zahniser; on the East by land of Fritz; on the South by Wilbur Street; and on the West by land of Castor. Having a frontage of fifty-five (55) feet on Wilbur Street and extending northwardly of uniform width one hundred two (102) feet being the same land conferred to Ernest Neal Ruhlman, Richard James Ruhlman and Lenora Starr Ruhlman by Warren N. Ruhlman and wife by deed

dated October 3, 1953 and recorded in Deed Book Q, Volume 20, page 355, Mercer County records", to Paul G. Amon and Anne Amon, husband and wife, for the sum of $4,500 and upon payment of the said purchase price to execute and deliver to the said purchasers a deed conveying the title in fee simple and containing a guardian's warranty.